NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILFREDO MATEO, | : | Civil No. 03-4420 (KSH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    WILFREDO MATEO, #266300B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner pro se

    JOAN E. LOVE, Special Deputy Attorney General
    ACTING ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

**HAYDEN**, District Judge

    Wilfredo Mateo filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer, arguing that the Petition should be dismissed on the merits.  Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on June 13, 1991, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of kidnaping to facilitate aggravated sexual assault, terroristic threats, two counts of first degree sexual assault, second degree attempted aggravated sexual assault, third degree aggravated criminal sexual contact, and fourth degree endangering the welfare of a child.  The Law Division sentenced Petitioner to an aggregate 50-year sentence, with 25 years of parole ineligibility, the maximum available sentence.  Petitioner appealed, arguing that the evidence was insufficient, counsel was ineffective, and the sentence was excessive.  In an opinion filed June 22, 1993, the Appellate Division of the Superior Court of New Jersey affirmed.  State v. Mateo, No. A-6207-90 (App. Div. June 22, 1993).  On January 27, 1994, the Supreme Court of New Jersey denied certification.  State v. Mateo, 135 N.J. 303 (Jan. 27, 1994) (table).

On May 29, 1996, Petitioner filed a petition for post conviction relief in the Law Division.  Petitioner claimed ineffective assistance of counsel and that the instructions violated due process and the Sixth and Fourteenth Amendments.  On February 10, 1997, the Law Division denied relief.  Petitioner appealed, and by order filed March 23, 1998, the Appellate Division temporarily remanded the matter to the Law Division for a period of 30 days to reconstruct the record.  In an opinion filed May 6, 1999, the Appellate Division determined that the reconstructed record was inadequate for purposes of the appeal, vacated the order denying the petition, and remanded the matter for the trial judge to hear the petition de novo.  State v. Mateo, No. A-4199-96T4 slip op. (App. Div. May 6, 1999).

By order dated December 17, 1999, the Law Division denied the petition for post conviction relief.  In an opinion filed February 6, 2002, the Appellate Division affirmed the order denying post conviction relief.  State v. Mateo, A-413-00T4 slip op. (App. Div. Feb. 6, 2002).  The New Jersey Supreme Court denied certification on January 23, 2003.  State v. Mateo, 175 N.J. 430 (2003) (table).

Petitioner executed the Petition which is now before the Court on August 18, 2003.  The Clerk received it on September 17, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents six grounds:

> Ground One:  THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY VERDICT.
>
> Ground Two:  THE DEFENDANT WAS DENIED A FAIR TRIAL BY THE INEFFECTIVENESS OF HIS COUNSEL.
>
> Ground Three:  PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHT UNDER THE 6TH AMENDMENT AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> Ground Four:  THE TRIAL COURT ERRED DENYING PETITIONER A FAIR TRIAL AND DUE PROCESS IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS WHEN IT GAVE AN INADEQUATE LIMITED INSTRUCTIONS TO THE JURY REGARDING THE USE OF PRIOR CRIMINAL CONVICTIONS; THE TRIAL COURT ERRED BY GIVING AN INADEQUATE INSTRUCTION ON THE SUBSTANTIAL ELEMENT OF KIDNAPING; AND THE TRIAL COURT

>FAILED TO INSTRUCT ON THE LESSER-INCLUDED OFFENSE OF CRIMINAL RESTRAINT.
>
>Ground Five: THE STATE'S USE OF DEFENDANT'S POST-ARREST SILENCE AND REQUEST FOR COUNSEL TO IMPEACH HIS CREDIBILITY, AND IMPLANT IN THE MINDS OF THE JURY HIS CONSCIOUSNESS OF GUILT BY DEFENDANT INVOKING HIS RIGHTS, IMPINGED UPON DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND LAWS OF THIS STATE.
>
>Ground Six: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF BOTH THE NEW JERSEY AND FEDERAL CONSTITUTIONS.

(Pet. ¶¶ 12.a. - 12.f.)

The State filed an Answer seeking dismissal of the Petition on the merits. Petitioner filed a Traverse.

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

>[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87,

90 (3d Cir. 1996). Where a federal claim was "adjudicated on the merits" [1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Sufficiency of Evidence

Petitioner asserts in Ground One that there was insufficient evidence to support his conviction for kidnaping, attempted aggravated sexual assault, and endangering the welfare of a child. (Pet. ¶ 12.a.) He contends that the jury "was clearly impassioned by the heinous events, disregarded the judge's instructions, and convicted Wilfredo Mateo erroneously and upon insufficient evidence." (Id.)

A sufficiency of the evidence claim is governed by Jackson v. Virginia, 443 U.S. 307, 318 (1979). In Jackson v. Virginia, the Supreme Court determined that, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 - if the settled procedural prerequisites for such a claim have otherwise been satisfied - the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. The Court instructed a federal habeas corpus court "faced with a record of historical facts that supports conflicting inferences [to] presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and [to] defer to that resolution." Id. at 326. The

Court emphasized that "the standard . . . does not permit a court to make its own subjective determination of guilt or innocence." Id. at 320, n. 13.

In this case, Petitioner argued on direct appeal that there was insufficient evidence to support the jury verdict. The Appellate Division rejected the claim as follows:

> Defendant first contends that there was insufficient evidence to support the jury verdict. This claim has no basis. The victim's testimony clearly supports a kidnaping in that she was taken from a well traveled, well-lit area to a secluded spot behind a factory where she was raped in the presence of her two-year old son . . . . The fact that the charge of attempted fellatio did not include more than defendant exposing himself and demanding that the victim perform the act does not lessen the attempt. The exposure and demand were enough of an overt act to complete the crime of attempted aggravated sexual assault . . . . Likewise, the claim of impairing the morals of a minor was amply made out by performing these acts in the presence of the two-year old, after threatening to kill the child if the victim would not submit. The other acts were also amply supported by the evidence. The identification of defendant likewise was clear. Thus, the evidence in this record supports the verdict.

State v. Mateo, No. A-6207-90T4 slip op. at 2-3 (App. Div. June 22, 1993).

The Appellate Division's adjudication of Petitioner's sufficiency of the evidence claim was not contrary to, or an unreasonable application of, Jackson v. Virginia, and Petitioner is not entitled to habeas relief on Ground One.

B. Instructions

In Ground Four, Petitioner asserts that the trial court violated his constitutional rights by providing inadequate limiting instructions to the jury regarding Petitioner's criminal convictions, by giving inadequate instructions on the elements of kidnaping, and failing to instruct the jury on the lesser-included offense of criminal restraint. (Pet. ¶ 12.d.) The government argues that these

7

grounds involve state law and do not implicate the Constitution and, to the extent that they raise constitutional claims, due process does not require the claimed instructions.

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). As the Third Circuit explained,

> In considering whether this case involves a claim of error under the Constitution, laws, or treaties of the United States, it is critical to remember that the Supreme Court has made it clear that the states define the elements of state offenses. Accordingly, while there may be constitutionally required minimum criteria which must be met for conduct to constitute a state criminal offense, in general there is no constitutional reason why a state offense must include particular elements. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84-86, 106 S.Ct. 2411, 2415-16, 91 L.Ed.2d 67 (1986).
>
> It thus follows that for the error of state law in the justification instructions, assuming that there was an error, to be meaningful in this federal habeas corpus action, there would have to be a body of federal law justifying the use of deadly force which is applicable in a state criminal action charging an offense based on the defendant's use of that force. Then the error in the jury instructions would be significant if the instructions did not satisfy that body of law. Put in a different way, the jury instructions on justification, even if correct under state law, would need to have relieved the state of the necessity of proving an element of the offense as required by federal law or to have deprived the petitioner of a defense the state had to afford him under federal law in order to be significant in a federal habeas corpus action. If we concluded that a petitioner could obtain habeas corpus relief without making such a showing, then district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct understate law with respect to the elements of an offense and defenses to it.

Johnson, 117 F.3d at 110.

The problem with Petitioner's claims regarding the instructions is that he does not point to a federal requirement that jury instructions on the elements of an offense must include particular provisions, nor does he show that the instructions deprived him of a defense which federal law provided to him.  Id. at 111.  Moreover, Petitioner cites no Supreme Court authority for the proposition that the jury instructions violated a clearly established federal right, as determined by the Supreme Court.  He is therefore not entitled to habeas relief on Ground Four.

C.  Prosecutorial Misconduct

Petitioner asserts in Ground Five that, in cross examining Petitioner, the prosecutor unconstitutionally used his post-arrest silence and request for counsel to imply a consciousness of guilt.  Specifically, he asserts:

> THE STATE'S USE OF DEFENDANT'S POST-ARREST SILENCE AND REQUEST FOR COUNSEL TO IMPEACH HIS CREDIBILITY, AND IMPLANT IN THE MINDS OF THE JURY HIS CONSCIOUSNESS OF GUILT BY DEFENDANT INVOKING HIS RIGHTS, IMPINGED UPON DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND LAWS OF THIS STATE.
>
>   In the case at bar . . . , the prosecutor pointed out to the court "that this case will be lying on the credibility of witnesses including Mr. Mateo(.)"  (PT 27-17 to 18).  As a means of attacking petitioner's credibility, the prosecutor set up a persistent course that would put before the jury the fact defendant availed himself to the protections embodied in the United States Constitution and Laws of this State.  The prosecutor even informed the trial court that it was her intention, as shown during her direct examination of one of the State's witnesses . . . that she intended to elicit the fact that defendant "was given Miranda rights at that time,

> and he requested an attorney as indicated on that form and any and all questioning ceased at that point(.)"  (1T 15-17 to 20) . . . .
>
> There was no probative value in questioning defendant as to the specific rights and privileges encompasses within the Miranda warning requirement.  A review of the records pertaining to the prosecutor's cross-examination of defendant, which will show that the majority of her questioning pertained to defendant invoking his right to counsel and not as advanced by the prosecutor, "merely" inquiring whether or not he was given the Miranda warnings.  As shown by the record, the prosecutor intentionally set out, and did in fact violate precepts of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, the Laws and Policies of the State of New Jersey in order to obtain a conviction.

(Per. ¶ 12.e.)

The State argues that the prosecutor's questioning of Petitioner, who testified in his own defense, as to whether he was given his Miranda rights and as to whether he requested an attorney did not unconstitutionally burden his constitutional rights.  The State further argues that the prosecutor's comment during summation regarding Petitioner's statement to police that the victim had consented to sexual relations violated right to remain silent.

Prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  Where "specific guarantees of the Bill of Rights are involved, [the Supreme] Court has taken special care to assure that prosecutorial misconduct in no way impermissibly infringes them."  Id. at 642.  The quantum or weight of the evidence is crucial to determining whether the prosecutor's statements before the jury were so prejudicial as to result in a denial of due process.  Darden v. Wainwright, 477 U.S. 168, 182 (1986); Donnelly, 416 U.S. at 644; Moore v. Morton, 355 F.3d 95, 111 (3d Cir. 2001).

Because Petitioner testified in his own defense, the admissibility of his prior convictions was a question of state law that is not cognizable under § 2254.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001).

The Fifth Amendment prevents a person from being "compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  Petitioner's claim regarding the prosecutor's comments during summation is based on Griffin v. State of California, 380 U.S. 609, 611 (1965).  In Griffin, the defendant was convicted of first degree murder after the prosecution had stated in summation that the defendant was the only person who could provide information as to certain details relating to the murder and yet defendant had "'not seen fit to take the stand and deny or explain.'"  The Supreme Court reversed the conviction on the ground that "the Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."  Id. at 615.  "Griffin prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt."  Baxter v. Palmigiano, 425 U.S. 308, 319 (1976).

In this case, Petitioner does not show that the New Jersey courts' adjudication of Petitioner's prosecutorial misconduct claims involving the cross-examination of Petitioner and the summation were contrary to or an unreasonable application of Griffin and its progeny.  Habeas relief is therefore not warranted on Ground Five.

D.  Ineffective Assistance of Counsel

In Grounds Two and Three, Petitioner argues that trial counsel was constitutionally ineffective in failing to object to prejudicial hearsay testimony of the victim regarding the effect of the crime on her child, (Pet. ¶ 12.b.), failing to use the statement which the victim had given to

11

police at the hospital to impeach her testimony, failing to request a DNA analysis of the physical evidence, failing to adhere to normal techniques to defend a sex crime, and failing to conduct a proper investigation, (id. ¶ 12.c.).

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, Petitioner raised on direct appeal the claim that he was denied a fair trial by the ineffective of trial counsel. The Appellate Division rejected the claim as follows:

> In defendant's second point he alleges the ineffectiveness of his trial counsel. The testimony excerpts in defendant's brief fail to review that counsel was inept in not objecting. Most of the allegedly objectionable statements focus on the victim's state of mind at the time of the attack to show that the acts were being performed forcibly and against her will or to show her state of mind at the time she made the initial identification of defendant at the scene. The statements concerning her son's reaction were relevant to show that the child actually had witnessed the event,

> and therefore the acts constituted an impairment of the child's morals. Trial counsel's performance falls well within the tests established in State v. Fritz, 105 N.J. 42 (1987), adopting the federal standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).
>
> Defendant also contends that the attorney was deficient in not demanding a Wade hearing (United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2c 1149 (1967)). The circumstances of the on-site identification were all placed before the jury. Even if a hearing had been requested and granted, we have no doubt that the identification would have been permitted, given the overwhelming support for admissibility indicated by this record . . . .
>
> Defendant also asserts that counsel failed to make a motion for judgment and a motion for a new trial. While these motions should have been made, even if pro forma, there is no basis in this record for either of those motions to have been granted. On these allegations, trial counsel did not fall short of the Strickland/Fritz standard discussed above.

State of New Jersey v. Mateo, No. A-6027-90T4 slip op. at 4, 5 (App. Div. June 22, 1993).

Petitioner raised his claim regarding counsel's failure to request DNA testing in his petition for post conviction relief. Relying on Strickland, the trial court thoroughly considered the claim:

> The petitioner contends here on this application that he was deprived of effective assistance of trial counsel for a variety of reasons . . . . Failure to use statements of witnesses or to adequately impeach their testimony at trial. Second, failure to request a DNA analysis of scientific evidence produced by the State. Third, failure to adhere to the normal techniques in defending against a sex crime charge. Fourth, failure to conduct a proper investigation. And fifth, failure to request a WADE hearing.
>
> Petitioner's first argument is that his trial attorney failed to adequately cross-examine and seek to impeach the State's witnesses. But a review of the record of the trial demonstrates that that argument is completely without merit.

13

> Petitioner's trial attorney cross-examined each of the State's witnesses vigorously and impeached or sought to impeach them wherever he was able to establish or infer any contradiction in their testimony . . . .

(Transcript of Petition for Post-Conviction Relief dated Dec. 17, 1999, at 24-9 to 25-5)

In the opinion affirming the denial of post conviction relief, the Appellate Division rejected the ineffective assistance of counsel claims without significant discussion. However, the Appellate Division specifically commented on the ineffectiveness claim based on counsel's failure to request DNA testing as follows: "As to a claim about alleged potential DNA evidence, the record of the trial indicates that there was no physical evidence found that incriminated Mateo." State v. Mateo, No. A-413-00T4 slip op. at 3 (App. Div. Feb. 6, 2002).

Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.

In Ground Six, Petitioner argues that appellate counsel was constitutionally ineffective in failing to raise issues concerning trial counsel's failure to request DNA testing and his failure to spend adequate time with Petitioner prior to trial, and failing to raise the inadequacy of the jury instructions.  (Id. ¶ 12.f.)  However, because the availability and adequacy of the jury instructions were questions of state law, his trial "attorney cannot have been ineffective for failing to request an instruction that was unavailable." Carpenter v. Vaughn, 296 F.3d 138, 153 (3d Cir. 2002).

As to the remaining two claims regarding the ineffectiveness of appellate counsel, it is established that the Fourteenth Amendment guarantees a criminal defendant pursuing a first

14

appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396. The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

Defense counsel has a constitutionally imposed duty to consult with the defendant about whether to appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The term "'consult' convey[s] a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Flores-Ortega at 478.

The alleged failure to consult with Petitioner is based on counsel's failure to present certain claims, i.e., failure to request DNA testing and failure to challenge the adequacy of the instructions. However, "it is a well established principle that counsel decides which issues to pursue on appeal." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Under the circumstances presented here, Petitioner cannot show that the adjudication of his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, Strickland and its progeny. See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting state petitioner's § 2254 claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

E.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.

DATED:   January 9              , 2006